Electronically Filed
Intermediate Court of Appeals
28973
22-DEC-2010
08:08 AM

NO. 28973

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JAMES A. LOWE, Plaintiff-Appellant, v.
LOUIS M. KEALOHA, Chief of Police, CITY AND COUNTY OF HONOLULU,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-2144)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Plaintiff-Appellant James A. Lowe (Lowe), pro se, appeals from the March 27, 2008 judgment of the Circuit Court of the First Circuit[1] (circuit court), which was entered pursuant to a February 12, 2008 order granting the City & County of Honolulu's (City) motion to dismiss pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b)(6).

Lowe filed a complaint against Boisse Correa (Correa),[2] in his capacity as Chief of Police, and the City on November 13, 2007, alleging that Correa and the City violated his Second Amendment rights by not returning a pistol that Lowe surrendered when a temporary restraining order was issued against him.

Lowe's opening brief is mostly unintelligible and is in wholesale nonconformity with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b). Although "failure to comply with HRAP [Rule]

---

[1] The Honorable Eden Elizabeth Hifo presided.

[2] Correa retired from the Honolulu Police Department (HPD) on August 26, 2009.

28(b)(4) is alone sufficient to affirm the judgment of the circuit court," the appellate court has a policy of affording litigants the opportunity "to have their cases heard on the merits, where possible." O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 385-86, 885 P.2d 361, 363-64 (1994). From Lowe's opening brief, it is evident that Lowe challenges the circuit court's order granting the City's motion to dismiss.

Mindful that pleadings prepared by pro se litigants "should be interpreted liberally," Dupree v. Hiraga, 121 Hawai'i 297, 314, 219 P.3d 1084, 1101 (2009), we read Lowe's complaint to allege that the HPD's policy -- requiring the owners of firearms confiscated under Hawaii Revised Statutes (HRS) § 134-7 (Supp. 2005) to submit certified copies of orders disposing of their case before HPD returns the firearm -- violates the Second Amendment of the U.S. Constitution (Second Amendment).[3]

In District of Columbia v. Heller, the United States Supreme Court stated that its opinion finding the District's handgun ban unconstitutional was not a categorical rejection of all gun restrictions.

> Like most rights, the right secured by the Second Amendment is not unlimited. . . . [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

---

[3] Previous challenges to Hawaii's gun control laws were rejected on the bases that an individual plaintiff lacks standing because the Second Amendment right to bear arms is a "collective" right held by the states alone, Young v. Hawaii, 548 F. Supp. 2d 1151, 1168 (D. Haw. 2008) (citing Hickman v. Block, 81 F.3d 98, 101-02 (9th Cir. 1996)), and that "the Second Amendment does not apply to the States through the fourteenth amendment to the United States Constitution." State v. Mendoza, 82 Hawai'i 143, 146, 920 P.2d 357, 360 (1996). Both decisions are overruled by recent high court rulings. In District of Columbia v. Heller the U.S. Supreme Court established that "the right to keep and bear arms" is an individual right, not a collective one. 554 U.S. 570, ___, 128 S.Ct. 2783, 2816 (2008). McDonald v. Chicago, 561 U.S. ___ , 130 S. Ct. 3020 (2010), held the Second Amendment was incorporated by the Due Process Clause of the Fourteenth Amendment and thus applicable to the states.

Although Hawaii's Bill of Rights contains language that is virtually identical to the Second Amendment, see Haw. Const. Art. 1, § 17, Lowe does not raise a challenge based on the Hawai'i Constitution.

Heller, 554 U.S. 570, ___, 128 S. Ct. 2783, 2816-17 (2008).

HRS § 134-7(f)[4] is such a prohibition, forbidding gun possession by individuals under a restraining order. See United States v. Emerson, 270 F.3d 203, 261 (5th Cir. 2001), Nollet v. Justices of Trial Courts of Commonwealth of Mass., 83 F. Supp. 2d 204, 212-13 (D. Mass. 2000). Lowe told the circuit court, "I don't complain that he seized it. . . . I complain that he keeps it." Thus, Lowe declined to challenge the constitutionality of HRS § 134-7(f) or HRS § 134-7.3 (Supp. 2009),[5] under which he turned over the gun to HPD.

Lowe's objection appears to be with HPD's process for returning weapons. HRS § 134-7.3(d) states that "[t]he chief of police of the respective counties shall adopt procedures to

---

[4] HRS § 134-7(f) reads:

> (f) No person who has been restrained pursuant to an order of any court, including an ex parte order as provided in this subsection, from contacting, threatening, or physically abusing any person, shall possess, control, or transfer ownership of any firearm or ammunition therefor, so long as the protective order, restraining order, or any extension is in effect, unless the order, for good cause shown, specifically permits the possession of a firearm and ammunition. . . . Such person shall relinquish possession and control of any firearm and ammunition owned by that person to the police department of the appropriate county for safekeeping for the duration of the order or extension thereof. In the case of an ex parte order, the affidavit or statement under oath that forms the basis for the order shall contain a statement of the facts that support a finding that the person to be restrained owns, intends to obtain or to transfer ownership of, or possesses a firearm, and that the firearm may be used to threaten, injure, or abuse any person. The ex parte order shall be effective upon service pursuant to section 586-6. At the time of service of a restraining order involving firearms and ammunition issued by any court, the police officer may take custody of any and all firearms and ammunition in plain sight, those discovered pursuant to a consensual search, and those firearms surrendered by the person restrained. If the person restrained is the registered owner of a firearm and knows the location of the firearm, but refuses to surrender the firearm or refuses to disclose the location of the firearm, the person restrained shall be guilty of a misdemeanor.

[5] HRS § 134-7.3 requires "[a]ny person disqualified from ownership, possession, or control of firearms and ammunition under section 134-7 [to] voluntarily surrender all firearms and ammunition to the chief of police." HRS § 134-7.3(b).

implement and administer the provisions of this section [requiring those unqualified to possess firearms to surrender them or have them seized] by December 31, 2001." According to the Firearms Unit of HPD's Records and Identification Division,

> [t]o retrieve firearms held by the Honolulu Police Department which were confiscated by a court order, please submit a certified copy of the judgment of acquittal or other final court order disposing of the family or [district] court case. **Certified copies may be obtained at:** Legal Research and Adoption Records Unit, Family Court, First Circuit, 777 Punchbowl Street, Honolulu, Hawaii 96813.

available at http://www.honolulupd.org/info/gun-retrieving.htm.[6] In response to a demand by Lowe, HPD informed him of this requirement, telling him that "[w]hen your Temporary Restraining Order is dissolved, please take the paperwork to the Firearms Section of the Records and Identification Division. They will process the paperwork for the return of your pistol." Lowe does not complain that HPD's instruction that he should produce "paperwork" is vague or that he did not know what paperwork would be required. His Opening Brief merely alleges that this requirement constitutes "intolerable acts."

Lowe does not put forth any evidence that he obtained a certified copy of a court order or judgment. According to Lowe's own admission at the January 9, 2008 hearing, he did not want to have to pay the costs to get a certified copy of a judgment. Lowe argues on appeal that "there is no record to copy except the

---

[6] A looseleaf flyer available at the Honolulu Police Department, Records & Identification Division, Firearms Unit, Firearms Acquisition and Registration Requirements (undated) provides virtually the same instruction and reads,

> [t]o retrieve firearms which were confiscated by a court order, please submit a certified copy of the [Judgment] of Acquittal or other final court order disposing of the Family Court or Criminal case. Certified copies are obtained at: Legal Documents Branch, Office of the Chief Court Administrator, First Circuit Court, 777 Punchbowl Street, Honolulu, Hawaii 96811

(emphasis omitted).

transcript I paid for and which none [sic] will read." It is unclear what document Lowe considers to be a "transcript" and whether this document shows that the restraining order was in fact dismissed, because it is not in the record. Lowe does not contend that he showed a "certified court order" to the HPD records division, as required by the department's procedures. Thus, Lowe has not averred facts that, when viewed in the light most favorable to him, would establish that HPD wrongfully withheld his gun. Because Lowe failed to prove his compliance with the rules established by HPD and Correa under the authority granted by § 134-7.3(d), Lowe failed to state a claim upon which relief could be granted. The circuit court therefore did not err in granting the City's motion to dismiss Lowe's constitutional claims.

Lowe's complaint lastly alleges that the police department committed "malfeasance" by the "private use of a public utility." Lowe appears to object to the fact that he was served by police officers, but his complaint fails to allege any facts that he was indeed served. Even if he was served with documents by a HPD officer, HRCP Rule 4(c) permits "[s]ervice of all process . . . in any county by the chief of police or the chief's duly authorized subordinate." Therefore, Lowe fails to state a claim for malfeasance where the facts, when viewed in the light most favorable to him, establish that Lowe was served in accordance with the HCRP.

Therefore, the March 27, 2008 judgment of the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, December 22, 2010.

On the briefs:

James Lowe,
Plaintiff-Appellant, pro se.

Kyle K. Chang,
Deputy Corporation Counsel,
City and County of Honolulu,
for Defendants-Appellees.

_Craig H. Nakamura_
Chief Judge

_Associate Judge_

_Associate Judge_